UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RICKY LEE RODRIGUEZ, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 2:18-cv-00356-WTL-DLP |
| WARDEN, | ) ) ) | |
| Respondent. | ) | |

**ORDER DENYING WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Ricky Lee Rodriguez, a federal inmate currently housed at the U.S. Penitentiary - Terre Haute, located in Terre Haute, Indiana, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He argues that he is entitled to relief because: (1) he is innocent based upon newly discovered evidence and the government failed to prove the essential elements necessary to convict him under 18 U.S.C. § 113(a)(8); and (2) based upon a new United States Supreme Court decision, his two prior convictions do not support his conviction under 18 U.S.C. § 117. For the reasons explained below, his petition is **denied**.

## I.     Section 2241 Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, however, a prisoner may employ section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner

unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause." The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

> The Seventh Circuit construed the savings clause in *In re Davenport*, holding:
>
> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.[1] Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a

---

[1] In *Webster*, the Seventh Circuit held that the savings clause would permit consideration of "new evidence that would demonstrate categorical ineligibility for the death penalty." *Webster*, 784 F.3d at 1125.

2

miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).[2]

## II. Factual and Procedural Background

On April 30, 3014, Rodriguez was charged in a two-count Information with assaulting his intimate and dating partner by strangulation or attempted strangulation within Indian country, in violation of 18 U.S.C. § 113(a)(8), 1151 and 1152 (count one); and domestic assault by a habitual offender, in violation of 18 U.S.C. §§ 117 and 1151 (count two) in the Eastern District of Michigan. *United States v. Rodriguez*, No. 1:14-cr-20260-TLL-PTM-1 (E.D. Mich) (hereinafter "Crim. Dkt.").

On May 8, 2014, the United States and Rodriguez entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11, wherein Rodriguez waived indictment by a grand jury and pleaded guilty to counts one and two of the Information. Dkt. 17-1 at ¶ 1A. The parties agreed that there were no sentencing guideline disputes, and the defendant's sentencing guideline range was a term of 70 to 87 months' imprisonment. *Id.* at ¶ 2B. On May 28, 2014, the district court accepted Rodriguez's guilty plea and took the parties' plea agreement under advisement. Crim. Dkt. 22.

On September 23, 2014, Rodriguez was sentenced to a term of 82 months' imprisonment on count one and 60 months on count two, to run concurrently. Crim. Dkt. 25. Rodriguez did not appeal his conviction and sentence, nor did he seek relief pursuant to 28 U.S.C. § 2255.

---

[2] The United States argues that statutory claims are not cognizable under §§ 2241 and 2255(e), but acknowledges that *Davenport* currently forecloses this contention. *See Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions).

On August 14, 2018, Rodriguez filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, and a memorandum of law supporting his claims.

### III. Discussion

Rodriguez argues that he is entitled to relief based on two different grounds: (1) he is innocent based upon newly discovered evidence, and the government failed to prove the essential elements necessary to convict him under 18 U.S.C. § 113(a)(8); and (2) based upon a new United States Supreme Court decision, his two prior convictions do not support his conviction under 18 U.S.C. § 117.

In response, the United States argues that Rodriguez's grounds for relief are outside the scope of § 2255(e) and that the claims raised by Rodriguez in his § 2241 petition could have been raised on direct appeal or in a § 2255 motion. "A claim cannot be raised for the first time in a [collateral proceeding] if it could have been raised at trial or on direct appeal." *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016).

For the reasons explained below, Rodriguez fails to show that he is entitled to present his claims in his § 2241 petition and this action is dismissed pursuant to § 2255(e).

### A. New Evidence

Rodriguez's first ground for relief is meritless because there is no factual basis for his claim that he has newly discovered evidence. The only evidence that Rodriguez provides is a letter from his defense counsel enclosing a copy of his criminal file. The documents referenced in the letter appear to be documents that were available to Rodriguez during the prosecution of his case. Rodriguez does not specify or disclose documents or details about the purported newly discovered evidence.

In addition, even if Rodriguez had newly discovered evidence that supported his theory of actual innocence, he was required to bring that claim in a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h)(1). Therefore, Rodriguez has not shown that § 2255 is inadequate or ineffective and his claim of newly discovered evidence fails to meet the criteria necessary to proceed under § 2241. *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("Inadequate or ineffective means that a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence."). No relief is warranted on this basis.

### B. Conviction under 18 U.S.C. § 113(a)(8)

Next, Rodriguez argues (despite his guilty plea in which he admitted all the elements of the charged offenses) that the United States failed to prove the essential elements necessary to convict him under 18 U.S.C. § 113(a)(8). Specifically, he says the government failed to establish (1) that the alleged criminal offense occurred on a federally recognized Indian reservation; and (2) that the alleged offense was committed against a victim who was legally recognized as an "Indian" by way of appropriate blood quantum certification via the Bureau of Indian Affairs.

This ground for relief could have been raised on direct appeal or in a motion pursuant to § 2255. Thus, Rodriguez has failed to meet the three *Davenport* conditions and this ground for relief is dismissed.

### C. Habitual Offender Enhancement

Finally, Rodriguez attacks the habitual offender element of 18 U.S.C. § 117. He claims that following the Supreme Court's decisions in *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), he does not have the prior criminal convictions to qualify him for this sentencing enhancement.

5

Rodriguez is not entitled to seek relief under § 2241 based on *Johnson* and *Dimaya* because the three factors required to show that § 2255 is inadequate or ineffective are not met. *See Davis*, 863 F.3d at 964. Specifically, Rodriguez has not identified a new case of statutory interpretation applicable to his claims that was not previously available. *Johnson* and *Dimaya* are constitutional cases, not statutory interpretation cases. *See Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson* announced a new substantive rule of constitutional law that applies retroactively); *Dimaya*, 138 S. Ct. at 1210 (the statute at issue violates due process because it is unconstitutionally vague). In other words, *Johnson* and *Dimaya* claims are constitutional claims that must be asserted (if at all) in an original or a successive motion under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(h)(2).

### IV.     Conclusion

Rodriguez has failed to satisfy the savings clause of § 2255(e). The petition for a writ of habeas corpus is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, No. 865 F.3d 894, 900 (7th Cir. 2017) ("[P]etition should be dismissed with prejudice under 28 U.S.C. § 2255(e).").

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 6/18/2019

*[Signature: William T. Lawrence]*

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

RICKY LEE RODRIGUEZ
46034-039
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov